**In the Matter of Kim H. SPIELMAN, Respondent.**

**No. 02S00–0803–DI–128.**

Supreme Court of Indiana.

Nov. 13, 2009.

*PUBLISHED ORDER GRANTING RE-LEASE FROM DISCIPLINARY PROBATION*

On October 10, 2008, this Court suspended Respondent from the practice of law for a period of 30 days, all of which was stayed provided that Respondent complied with certain terms and conditions of probation for a period of 12 months. On October 23, 2009, Respondent filed an application to terminate probation and an affidavit of compliance. On October 26, 2009, the Indiana Supreme Court Disciplinary Commission filed a "No Objection to Termination of Probation," stating Respondent has complied with all the terms of probation and asking that Respondent be allowed to return to the unconditional practice of law.

Being duly advised, the Court GRANTS the application and ORDERS that Respondent be released from disciplinary probation and unconditionally reinstated to the practice of law in this State effective immediately.

All Justices concur.

**In the Matter of Bradley A. HAPPE, Respondent.**

**No. 82S00–0704–DI–169.**

Supreme Court of Indiana.

Nov. 16, 2009.

*PUBLISHED ORDER ACCEPTING RESIGNATION AND CONCLUD-ING PROCEEDING*

Respondent has tendered to this Court a resignation from the bar of this State, pursuant to Indiana Admission and Discipline Rule 23(17).

**IT IS THEREFORE ORDERED that the resignation from the bar of this State tendered by Respondent is accepted effective immediately.** The Clerk of this Court is directed to strike Respondent's name from the Roll of Attorneys. Respondent shall fulfill all the applicable duties under Admission and Discipline Rule 23(26).

IT IS FURTHER ORDERED that any attorney disciplinary proceedings pending against Respondent are hereby dismissed as moot because of Respondent's resignation from the bar of this State.

Respondent shall be ineligible to petition for reinstatement to the practice of law for five years from the date of this order. *See* Admis. Disc. R. 23(4)(a). A petition for reinstatement is discretionary and requires clear and convincing evidence of the petitioner's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

All Justices concur.